Ms. Stacey Witherell Human Resources Department City of Little Rock 500 W. Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
As the custodian of public records, you have requested an Attorney General opinion pursuant to A.C.A. § 25-19-105(c)(3)(B) (Supp. 2003), a provision in the Arkansas Freedom of Information Act ("FOIA") that places a duty on this office to determine whether the custodian's decision with respect to the release of personnel or evaluation records is consistent with the FOIA. Specifically, you have asked for my opinion regarding the release of records in response to a FOIA request from Ms. Patrice Smith seeking information in connection with the investigation of her complaint of discrimination and harassment. Ms. Smith requests the following (I am quoting from the request letter, which you have provided to me):
 Name and position of the persons(s) conducting the investigation. Qualification of employee(s) conducting the investigation. Please include the following information: All training obtained, conferences attended, certificates obtained which directly qualifies the individual(s) to conduct harassment, discrimination, and retaliation complaints. Please include the dates of the training and conferences as well as the name of the person(s) or companies conducting the training and conferences. I am also requesting a complete copy of the file including all statements and audio or videotapes.
With regard, first, to her request for information as it pertains to qualification of the employee who conducted the investigation, you have expressed your view that "the only documents that must be released are the documents that currently exist." In this regard, you have determined that the "certificates of attendance/completion contained in the personnel file" are the only records that must be released. Regarding her request for a copy of the investigative file, you report that no disciplinary action was taken and that all statements were conducted at the request of the investigator for purposes of the investigation. You conclude that "she is not entitled to any documentation except her written statement of complaint or documents she provided to support her allegations."
RESPONSE
It is my opinion, under the facts as you have recited them, that your decision is consistent with the FOIA.
With regard to her request for information concerning the investigator's qualifications, you have accurately observed that the FOIA requires the release of records that currently exist. As this office has previously noted, the FOIA requires access to records rather than to information.
Op. Att'y Gen. 2001-303. Accordingly, a custodian must simply provide access to any existing records that are responsive to the request. This is made explicit by A.C.A. § 25-19-105(d)(2)(C), which states that "[a] custodian is not required to compile information or create a record inresponse to a request made under this section." (Emphasis added).
You have identified "certificates of attendance/completion" as the only records that exist in this instance that are responsive to her request regarding the qualifications of the investigating employee. You express your opinion that "we only have to release the certificates in the [investigating employee's personnel] file and not produce or create some document to outline other possible training." In my opinion, this decision is consistent with the FOIA if in fact there are no other records reflecting the information sought by the requester in this instance. Because I cannot act as a factfinder in the issuance of opinions, I am not in a position to question your determination in this regard. You have accurately summarized the applicable law, and this opinion assumes that you have accurately applied the law under the existing facts.
Turning to her request for a copy of the investigative file, it appears that you have properly analyzed this as a request for "employee evaluation/job performance records" under A.C.A. § 25-19-105(c)(1). Although the FOIA does not define these terms, this office has opined that this section encompasses, generally, records relating to an employee's performance or lack of performance on the job. See, e.g., Op. Att'y Gen. 2001-055. It includes, in my opinion, records that were generated as part of an investigation of allegations of the misconduct of an employee, and that detail incidents that gave rise to an allegation of misconduct. Accord Op. 2003-078. See also Op. Att'y Gen. 2001-063
(concluding that an "internal affairs" file generated at the instance of a city department in the course of investigating a complaint against an employee constitutes "employee evaluation/job performance records" within the meaning of the FOIA). The exemption is limited to records created by or at the behest of the public employer as a part of an investigation into the conduct of an employee. See Op. 2002-235.[1]
The standard for the release of "employee evaluation/job performance records" is set forth at A.C.A. § 25-19-105(c)(1). Specifically, such records are subject to disclosure only under the following three conditions:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
You have indicated that all statements in this instance were taken at the request of the investigator, and that the individuals against whom the complaint was lodged were not disciplined. Of course, it is a question of fact whether requested documents were created in the course of an investigative inquiry into an employee's performance on the job. See
Ops. 2001-191 and 2001-184. Assuming, however, that the records in this instance are properly classified as "employee evaluation/job performance records," and that the investigative file contains only such records, it is my opinion that you have correctly denied access to the file under these circumstances, where there has been no decision to suspend or terminate.[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Documents received from third parties and not created by or at the behest of the employer as a part of an investigation are not "employee evaluation or job performance records" (but might be classified as "personnel records," subject to a separate test under A.C.A. §25-19-105(b)(12)). See Op. 96-342.
[2] You have properly determined, however, that the requester is entitled to her own statement and other documents that she generated to support her allegations. These records constitute her own "personnel records" to which she is entitled pursuant to A.C.A. § 25-19-105(c)(2).